FILED'08 AUG 01 10:58USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN CARL WEBBER, JR.,                )
                                      )
                    Plaintiff,        )          Civil Case No. 07-1675-KI
                                      )
    vs.                               )          OPINION AND ORDER
                                      )
JEREMY GIFFIN, in his official and individual )
capacity; KYLE GORMAN, in his official and )
individual capacity; DOVE GUTMAN, in her )
official and individual capacity; JUNO PANDIAN, )
in her official and individual capacity; TRACY )
EICHENLAUB, in her official and individual )
capacity; PHILLIP C. WARD, in his official and )
individual capacity; SCOTT R. COOPER, in his )
official capacity; RANDY DAVIS, in his individual )
and official capacity; RUSS WRIGHT, in his )
individual and official capacity; JENNIFER BOND, )
in her individual capacity; GARY RUSSELL, in his )
individual capacity; NEWELL CLARNO, in his )
individual capacity; RICHARD SWOPE, in his )
individual capacity; RON BAIDENMANN, in his )
individual capacity; STEVE PACUTA, in his )
individual capacity; HARRY MAHAN, in his )
individual capacity; LOWELL GALLANDE, in his )
individual capacity; KELLIE FRY SUING in her )

Page 1 - OPINION AND ORDER

individual capacity; GALE BROCKETT, in her          )
individual capacity; JEFF LANDACKER, in his          )
individual capacity; and DOES 1 through 50 as        )
their identities become known,                                   )
                                                                              )
                                            Defendants.          )
────────────────────────────────────────          )

KING, Judge:

 *Pro se* plaintiff John Carol Webber, Jr. brings suit against numerous defendants,

including several individuals employed by the Oregon Water Resources Department, an

Administrative Law Judge of the Office of Administrative Hearings (collectively, "the State of

Oregon defendants"), and other individuals who are alleged to have attended a meeting at Juniper

Canyon Fire Hall and conspired in some fashion with the State of Oregon defendants.  Currently

before the court are several motions to dismiss filed by all the defendants other than the State of

Oregon defendants.  In addition, rather than filing responses to the motions to dismiss, plaintiff

has filed various motions to strike.

## BACKGROUND

 I previously granted defendants' motion to make the complaint more definite and certain,

and ordered plaintiff to file an amended complaint.  I also denied the 35 motions filed by plaintiff

in which he argued, among other things, that the attorneys did not file an attorney appearance

form he claimed they were required to use.

 Plaintiff brings claims against the State of Oregon defendants, as well as claims against

Randy Davis, Russ Wright, Gale Brockett, Scott Cooper, Newell Clarno, Richard Swope, Steve

Pacuta, Lowell Gallande, Jeff Landaker, Harry Mahan, Kellie Fry Suing, Jennifer Bond, and

Gary Russell.  He alleges claims of trespass, conspiracy, deprivation of civil rights under 18

U.S.C. § 242, violations of the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments to the

Constitution, pursuant to 42 U.S.C. § 1983, and violations of Civil RICO.

Plaintiff makes the following allegations in his First Amended Complaint that are specific

to the individual defendants who have filed the pending motions to dismiss:

> 46.   On August 12, 2005 defendant Giffin [Watermaster for District 11 of the
> Water Resources Department], acting in conspiracy with defendant Kyle Gorman
> [Region Manager of the South-Central Region of the Water Resources
> Department], Scott R. Cooper, Gary Russell, Newell Clarno, Jeff Leadaker [sic],
> Gale Brockett, Jennifer Bond, Kellie Fry Suing, Rick Swope, Steve Pacuta,
> Lowell Gallande, Harry Mahan, Randy Davis and Russ Wright.  [sic] Meet at the
> Juniper Canyon Fire Hall[.]

First Amended Complaint ¶ 46, at p. 18.

Plaintiff then includes an excerpt from a Water Resources Department document, which

states,

> On the August 12, 2005 meeting at the fire department meeting room Kyle
> [Gorman] and I [Giffin] met with Crook County Judge cooper [sic] and a crook
> county sheriff and a few of the staff of crook county planning/code enforcement as
> well as about ten of the neighbors of Carl Webber.  We had a round the room
> discussion explaining all of our personal interactions from Carl Webber.  Kyle is
> in the process of obtaining the list of names from the attendees of the meeting.

First Amended Complaint at p. 18.

In addition, plaintiff alleges:

> 56.  . . .  Defendant Giffin, Gorman and Ward [Director of the Oregon Water
> Resources Department] did Knowingly and intentionally Solicited [sic]
> Defendants Scott Cooper, Newell Clarno, Jeff Landaker, Gale Brockett, Jennifer
> Bond, Kellie Fry Suing, Steve Pacuta, Lowell Gallande, Harry Mahan, Randy
> Davis, and Russ Wright to participate in unlawful surveillance and spying and
> report to them at the Juniper Canyon Fire Hall in furtherance of their on going
> [sic] intent to extort money from plaintiffs [sic] knowing that such "surveillance",
> under color of law, was unlawful "spying[.]"

First Amended Complaint ¶ 56, at p. 25.

Page 3 - OPINION AND ORDER

With respect to Scott Cooper only, plaintiff alleges these additional facts: "Defendants Giffin, Kyle Gorman, and Scott R. Cooper knew that the liability exists for all 'persons' that conspire to commit 'trespass'," citing a case to that effect. Amended Complaint ¶ 47, at p.19. Plaintiff also alleges, with respect to Cooper, that,

> 50.  Defendants Giffin, Gorman, Cooper, Ward, and Gutman knew, at all times relevant to their participation in the conspiracy to violate Plaintiffs' Fourth, Fifth, Sixth, Seventh and Fourteenth Amendment rights by 'making and enforcing Administrative Rule' with intent to deprive Plaintiffs' [sic] by unlawful surveillance, trespass, invasion of privacy, conduct unreasonable searches without probable cause or warrant, filing and maintaining false charges that they, were liable, civilly pursuant to 'clearly established law creating a remedy under 42 § 1983 [sic],

and citing a case to that effect. First Amended Complaint ¶ 50, at p. 21.

With respect to Gary Russell only, plaintiff asserts the following allegation:

> 56.  Defendants Giffin, Gorman, and Ward did knowingly and intentionally solicit a private citizen, defendant Gary Russell of Cowboy Court Prineville Oregon., [sic] to make "a false complaint" and to participate in unlawful Trespass by proceeding and intruding on to Plaintiffs [sic] property in his Ford Pickup Truck to shine his head lights a cross [sic] the Plaintiffs [sic] property to Commit unlawful surveillance and spying on plaintiff's property.

First Amended Complaint ¶ 56, at p. 25.

Plaintiff seeks damages in the amount of $100,000, injunctive relief, consequential damages, threefold damages, reasonable attorney's fees, and costs, exemplary and/or punitive damages, prejudgment and post judgment interest, and any other monetary relief the jury believes reasonable and just.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct.

1955, 1964-65 (2007) (quotation omitted) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim"). A plaintiff does not need to allege detailed facts, but such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." <u>Id.</u> Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> (internal citations and quotations omitted).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

## DISCUSSION

As I note above, plaintiff alleges claims of trespass, conspiracy, deprivation of civil rights under 18 U.S.C. § 242, violations of the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments to the Constitution, pursuant to 42 U.S.C. § 1983, and violations of Civil RICO against all the "defendants," without naming them individually. In addition, he does not allege facts specific to each legal theory but, rather, merely recites the causes of action set forth above. I am mindful of my obligation to construe a *pro se* plaintiff's pleadings liberally and in reviewing plaintiff's complaint I have afforded him the benefit of any doubt. <u>Morrison v. Hall</u>, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

Page 5 - OPINION AND ORDER

I.      Defendant Baidenmann

As an initial matter, I note that nowhere in the body of the First Amended Complaint does plaintiff name defendant Ron Baidenmann.  Plaintiff fails to allege that Ron Baidenmann participated in any way in the alleged violations.  Accordingly, this First Amended Complaint must be dismissed as to him.

II.     Trespass

A "trespass arises when there is an intrusion upon the land of another which invades the possessor's interest in the exclusive possession of his land.  The intrusion may be caused by either intentional, negligent, reckless or ultrahazardous conduct." Martin v. Union Pac. R. Co., 256 Or. 563, 565, 474 P.2d 739 (Or. 1970).

The only facts that defendant asserts against Clarno, Swope, Pacuta, Gallande, Landaker, Brockett, Bond, Suing, Mahan, Davis and Wright is that they met at the Juniper Canyon Fire Hall to discuss plaintiff.  He also alleges that several State of Oregon defendants "Knowingly and intentionally Solicited" Clarno, Pacuta, Gallande, Landaker, Mahan, Brockett, Bond, Suing, Mahan, Davis and Wright "to participate in unlawful surveillance and spying and report to them" at the Juniper Canyon Fire Hall.  First Amended Complaint ¶ 56.  Plaintiff does not name Swope in paragraph 56 of his First Amended Complaint.

Plaintiff does not allege that Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Brockett, Bond, Suing, Mahan, Davis or Wright intruded upon his land.  As a result, plaintiff fails to state a claim of trespass against these defendants, and plaintiff's claim of trespass must be dismissed as to them.

That leaves Cooper and Russell.  The only additional factual allegations against Cooper

Page 6 - OPINION AND ORDER

are that he "knew" liability resulted from trespass and that he "knew" he was liable for "making and enforcing" an Administrative Rule "with intent to deprive" plaintiff "by unlawful surveillance, trespass, invasion of privacy, conduct unreasonable searches without probable cause or warrant, filing and maintaining false charges[.]" First Amended Complaint ¶ 50, at p. 21. Any allegations about what Cooper did or did not know are irrelevant. Plaintiff neglects to allege that Cooper intruded upon his land or engaged in any other conduct that could be characterized as "trespass." As a result, plaintiff's claim of trespass against Cooper must be dismissed.

Finally, plaintiff alleges the State of Oregon defendants "did knowingly and intentionally solicit a private citizen . . . to participate in unlawful Trespass by proceeding and intruding on to Plaintiffs [sic] property in his Ford Pickup Truck to shine his head lights a cross [sic] the Plaintiffs [sic] property to Commit unlawful surveillance and spying on plaintiff's property." First Amended Complaint ¶ 56, at p. 25.

Russell argues that the First Amended Complaint alleges only that the State of Oregon defendants "solicited" him, and not that he "actually entered plaintiff's land or committed any other acts that would constitute a trespass." Russell's Mem. in Supp. of Second Mot. to Dismiss at 4. Alternatively, Russell argues that plaintiff may have intended to allege that by shining his lights on plaintiff's property, Russell committed a trespass. He asserts such an action does not constitute trespass as "the mere suggestion that casting of light upon the premises of a plaintiff would render a defendant liable without proof of any actual damage, carries its own refutation." Amphitheaters, Inc. v. Portland Meadows, 184 Or. 336, 343, 198 P.2d 847 (Or. 1948) ("casting light equivalent to that of a full moon" upon outdoor movie screen was not a trespass).

Reading the complaint in the light most favorable to plaintiff, plaintiff alleges a claim of

Page 7 - OPINION AND ORDER

trespass against Russell.  Plaintiff alleges that Russell "proceed[ed] and intrud[ed] on to [sic]" plaintiff's property.  Given the lack of clarity of the allegation, however, I recognize Russell's need for further details such as the when, where, and how Russell allegedly entered the property.  As a result, plaintiff is directed to file a Second Amended Complaint alleging these facts.  Plaintiff is warned, however, that if the basis of his claim is only that Russell shined his headlights onto plaintiff's property, while Russell was on public property, the claim will be dismissed *sua sponte* for failure to state a claim of trespass.

In sum, this claim is dismissed as to Cooper, Davis, Wright, Brockett, Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Bond and Suing.  Plaintiff has stated a claim against Russell, but Russell is entitled to further details about the claim given its lack of clarity.  Accordingly, plaintiff is directed to file a Second Amended Complaint against Russell alleging the specific facts constituting the alleged trespass.

II.    Conspiracy

Plaintiff alleges "[d]efendants did 'conspire' to go on the highway to interfere with Plaintiffs' [sic] 'free exercise of their rights as owners' therefore, the 'conduct and behavior' alleged in Complaint presents a cognizable claim for which the jury can award damages and injunctive relief."  First Amended Complaint ¶ 67, at p. 29.  He also alleges the defendants conspired to deprive plaintiff of his constitutional rights.

"A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means."  Bonds v. Landers, 279 Or. 169, 174, 566 P.2d 513 (Or. 1977).  In general, to constitute a conspiracy there must be "one or more unlawful acts" and "damages as the

Page 8 - OPINION AND ORDER

proximate result thereof." Id.

The only act plaintiff alleges against most of the defendants is that they met in a fire hall

to talk about him. This is not sufficient to constitute an "unlawful act" to serve as a predicate

offense for conspiracy. Plaintiff's conspiracy claim must be dismissed as to defendants Cooper,

Davis, Wright, Brockett, Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Bond and Suing.

As noted above, however, plaintiff does allege that Russell engaged in the unlawful act of

trespass. He also alleges that the State of Oregon defendants solicited Russell for this act. This

is sufficient to state a claim of conspiracy against Russell.[1]

III.    Constitutional Violations

Plaintiff alleges defendants violated his Fourth, Fifth, Sixth, and Seventh Amendment

rights, and violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

42 U.S.C. § 1983 authorizes plaintiff to enforce his federal constitutional rights against

defendants. Pursuant to Section 1983, "a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Private parties do not generally act under color of state law. Price v. State of Hawaii, 939

F.2d 702, 707-08 (9th Cir. 1991). Courts impose a two-part test to evaluate whether private

conduct is properly considered to be "under color of state law."

> First, the [constitutional] deprivation must be caused by the exercise of
> some right or privilege created by the State or by a rule of conduct imposed by the
> State or by a person for whom the State is responsible . . . . Second, the party
> charged with the deprivation must be a person who may fairly be said to be a state

---

[1] If plaintiff's Second Amended Complaint alleges only that Russell shined his headlights
on plaintiff's property from public property, this claim too will be dismissed *sua sponte*.

Page 9 - OPINION AND ORDER

actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Id. at 708 (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-37 (1982)).

First, plaintiff does not allege any facts that these individuals engaged in any acts that would constitute a constitutional violation. Second, he does not allege that they are state actors or that they engaged in any conduct that is "chargeable to the State." He alleges only that the individuals met at the fire hall to discuss him with the State of Oregon defendants. This allegation is not sufficient to state a claim against Cooper, Davis, Wright, Brockett, Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Bond and Suing for any of plaintiff's constitutional claims.

As for Russell, given that the only factual allegation asserted against him is that he trespassed on plaintiff's land, at the behest of the Oregon State defendants, the only constitutional claim plaintiff may have is one arising under the Fourth Amendment. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Plaintiff complains that the State of Oregon defendants "did knowingly and intentionally solicit a private citizen . . . to participate in unlawful Trespass by proceeding and intruding on to Plaintiffs [sic] property in his Ford Pickup Truck to shine his head lights a cross [sic] the Plaintiffs [sic] property to Commit unlawful surveillance and spying on plaintiff's property." First Amended Complaint ¶ 56, at p. 25.

The Fourth Amendment protects "persons, houses, papers, and effects" and the "curtilage of a home," but not "open fields." United States v. Depew, 8 F.3d 1424, 1426 (9th Cir. 1993), overruled on other grounds by United States v. Johnson, 256 F.3d 895, 913 n.4 (9th Cir. 2001) (en

banc); see also Oliver v. United States, 466 U.S. 170, 177-79 (1984) (even having no trespassing signs does not create privacy right in open fields).[2]  In addition, if there is "some degree of governmental knowledge and acquiescence" in a "private search" the private actor may be an "agent of the state."  United States v. Veatch, 674 F.2d 1217 (9th Cir. 1981).  Plaintiff has alleged Russell entered onto his property, at the behest of the State of Oregon defendants.  Reading the allegations in the light most favorable to him, plaintiff has stated a claim against Russell for violation of his Fourth Amendment rights.[3]

In sum, plaintiff's constitutional claims against Cooper, Davis, Wright, Brockett, Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Bond and Suing are dismissed.  In addition, all of plaintiff's constitutional claims against Russell are dismissed, except for the Fourth Amendment claim.

IV.   RICO

Plaintiff's RICO cause of action is not clear.  18 U.S.C. § 1962 prohibits "racketeering activity" which is defined to be any act indictable under several provisions of Title 18 of the United States Code, or several specific offenses chargeable under state law and punishable by

_____

[2]Whether an area constitutes "curtilage" depends on four factors:  "the proximity of the area claimed to be curtilage to the home, whether the area is included in an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by."  United States v. Dunn, 480 U.S. 294, 301 (1987).

[3]If what Russell saw was in "plain view" from a public highway, he did not engage in an unlawful search under the Fourth Amendment.  California v. Ciraolo, 476 U.S. 207, 213 (1986) (the Fourth Amendment has "never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares").  Accordingly, if plaintiff's Second Amended Complaint alleges facts demonstrating that Russell was on public property when he shined his headlights on plaintiff's property, this claim will be dismissed sua sponte.

Page 11 - OPINION AND ORDER

imprisonment for more than one year. 18 U.S.C. § 1961. The predicate offenses range from bribery to extortion to any offense involving fraud in the sale of securities.

Plaintiff has failed to plead and is unable to plead any racketeering activity in which the defendants engaged. Even if plaintiff amended his complaint to allege a predicate offense, he could allege no set of facts in support of his claim which would entitle him to relief. Viewing the allegations in the light most favorable to plaintiff, he makes no allegations, nor could he, that the defendants engaged in any illegal activity constituting any of the acts listed in 18 U.S.C. § 1961.

This claim is dismissed as to Cooper, Davis, Wright, Brockett, Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Bond, Suing, and Russell.

V.    <u>Plaintiff's Motions to Strike</u>

Rather than file responses to the defendants' motions, plaintiff has filed five motions to strike them. The themes in plaintiff's motions are that the attorneys have not filed appearances, the motions to dismiss do not serve as appearances, and the attorneys have engaged in Rule 11 violations.

Although I addressed this at the last hearing, I reiterate, "The filing of any document constitutes an appearance by the attorney who signs the document." LR 83.9(a). In terms of a response to plaintiff's complaint, I gave all of the defendants until April 24, 2008 to file their responses. The state defendants filed an "Answer," stating their defenses and a counterclaim against plaintiff. The other defendants chose to file a "responsive pleading" in the form of motions to dismiss, which is allowed pursuant to Federal Rule of Civil Procedure 12(b).[4] In

---

[4]Party "may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

addition, plaintiff has failed to identify any valid Rule 11 violations. Plaintiff's motions to strike are denied.

In addition, plaintiff has filed a request to vacate the case deadlines previously set at the March 4, 2008 hearing. He asserts, yet again, that the reason for his request is that he has not received "an appearance" from any defendant. As I have explained above, all of the attorneys noted on the docket sheet have "appeared" for their clients. The State of Oregon defendants (Giffin, Gorman, Gutman, Pandian, Eichenlaub, and Ward) have filed an "Answer," and they are represented by Karen Moynahan. Russell has filed a "Motion to Dismiss," which I have denied, and he is represented by Brian Talcott. They are the only remaining defendants in the case. His motion to vacate the case deadlines is denied.

Finally, plaintiff moves to strike the State of Oregon defendants' answer. I rejected these very arguments at the March 4, 2008 hearing as they have no merit. Plaintiff is warned that if he makes these arguments again he may face sanctions. Plaintiff's motion to strike is denied.

VI.   Conclusion

As I noted above, plaintiff failed to allege any facts that Baidenmann participated in any of the alleged violations of law. As a result, Baidenmann is dismissed with prejudice. In addition, plaintiff has already had the opportunity to amend his complaint with respect to defendants Cooper, Davis, Wright, Brockett, Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Bond and Suing, and he failed to allege any cause of action against these defendants. Accordingly, these defendants are also dismissed with prejudice.

Plaintiff alleged a claim of trespass, conspiracy and Fourth Amendment violation against Russell, but given the lack of clarity of his allegation, plaintiff is directed to file a Second

Page 13 - OPINION AND ORDER

Amended Complaint specifying when, where, and how Russell allegedly entered the property. As a result, plaintiff is directed to file a Second Amended Complaint alleging these facts. In addition, he is specifically directed not to include the names of the defendants who have been dismissed by this Opinion and Order. Accordingly, plaintiff's Second Amended Complaint should name only Giffin, Gorman, Gutman, Pandian, Eichenlaub, Ward, and Russell, should eliminate the allegations asserted against the defendants who have been dismissed by this Opinion and Order, and should more specifically set forth the facts related to his trespass and Fourth Amendment claims.

## CONCLUSION

For the foregoing reasons, Bond and Suing's Motion to Dismiss (# 196) is GRANTED. Clarno, Swope, Baidenmann, Pacuta, Gallande, and Landaker's Renewed Motion to Dismiss the Amended Complaint for Failure to Join a Necessary Party or in the Alternative to Strike or Make More Definite and Certain the Allegations of the Amended Complaint (#188) is GRANTED in part and DENIED in part. Defendant Gary Russell's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (#202) is DENIED. Defendant Harry Mahan's Joinder in Motions to Dismiss (#193, 204) are GRANTED. FRCP 12(b) Motion to Dismiss by Defendants Scott Cooper, Randy Davis, Russ Wright, and Gale Brockett (#185) is GRANTED.

Plaintiff's Motion to Strike Docket 165 (#189), Motion to Strike Docket 185 & 186 (#194), Motion to Strike Docket 188 (#197), Motion to Strike Docket 196 & 200 (#205), and Motion to Strike Docket 202 & 203 (#207) are DENIED. Plaintiff's Motion & Request to Vacate Discovery Order (#214) is DENIED. Plaintiff's Motion to Strike Docket 213, 215, 216, 217, 218 & 219 (#221) is DENIED. Joinder with the State Defendant's Response to Plaintiff's

Page 14 - OPINION AND ORDER

Motion & Request to Vacate Discovery Order filed by Clarno, Swope, Baidenmann, Pacuta, Gallande and Landaker (#216) is GRANTED.

Baidenmann, Cooper, Davis, Wright, Brockett, Clarno, Swope, Pacuta, Gallande, Landaker, Mahan, Bond and Suing are dismissed with prejudice.  Plaintiff is directed to file his Second Amended Complaint within 20 days of this Opinion and Order.

IT IS SO ORDERED.

Dated this _____3/$\it{st}$_____ day of July, 2008.

Garr M. King
United States District Judge

Page 15 - OPINION AND ORDER