IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN CARL WEBBER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1675-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JEREMY GIFFIN, in his official and individual capacity; KYLE GORMAN, in his official and individual capacity; DOVE GUTMAN, in her official and individual capacity; JUNO PANDIAN, in her official and individual capacity; TRACY EICHENLAUB, in her official and individual capacity; PHILLIP C. WARD, in his official and individual capacity; SCOTT R. COOPER, in his official capacity; RANDY DAVIS, in his individual and official capacity; RUSS WRIGHT, in his individual and official capacity; JENNIFER BOND, in her individual capacity; GARY RUSSELL, in his individual capacity; NEWELL CLARNO, in his individual capacity; RICHARD SWOPE, in his individual capacity; RON BAIDENMANN, in his individual capacity; STEVE PACUTA, in his individual capacity; HARRY MAHAN, in his individual capacity; LOWELL GALLANDE, in his individual capacity; KELLIE FRY SUING in her | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Page 1 - OPINION AND ORDER

| | |
|---|---|
| individual capacity; GALE BROCKETT, in her individual capacity; JEFF LANDACKER, in his individual capacity; and DOES 1 through 50 as their identities become known, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

KING, Judge:

*Pro se* plaintiff John Carol Webber, Jr. brings suit against numerous defendants, including several individuals employed by the Oregon Water Resources Department, an Administrative Law Judge of the Office of Administrative Hearings (collectively, "the State of Oregon defendants"), and other individuals who are alleged to have attended a meeting at Juniper Canyon Fire Hall and conspired in some fashion with the State of Oregon defendants. I previously dismissed with prejudice all of the individuals not employed by the State of Oregon who allegedly attended the meeting, except for Gary Russell.[1] I directed plaintiff to file a Second Amended Complaint clarifying his allegations against Russell. Currently before the court are the Third Motion to Dismiss filed by defendant Russell (#248) and a Motion for Summary Judgment (#240) filed by the State of Oregon defendants.[2] Plaintiff has also filed a Motion to Strike the State of Oregon's Answer to his Second Amended Complaint (#265).

---

[1] Accordingly, Randy Davis, Russ Wright, Gale Brockett, Scott Cooper, Newell Clarno, Richard Swope, Steve Pacuta, Lowell Gallande, Jeff Landaker, Harry Mahan, Kellie Fry Suing, and Jennifer Bond are no longer defendants in this case. I construe plaintiff's "Demands for Jury Determinations for All Claims . . . and All Defendants" (#271, 277) as Motions for Reconsideration and deny them.

[2] This is the "Revised" Motion for Summary Judgment, which replaces the previously filed Motion for Summary Judgment (#230).

Page 2 - OPINION AND ORDER

## BACKGROUND

Plaintiff brings claims against the State of Oregon defendants (Jeremy Giffin, Kyle Gorman, Dove Gutman, Juno Pandian, Tracy Fox nee Eichenlaub, and Phillip Ward), as well as claims against Gary Russell. Plaintiff alleges trespass, conspiracy, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other constitutional violations.

All but one of the State of Oregon defendants are employed by the Oregon Water Resources Department. Giffin is the Watermaster for District 11, Gorman is the Region Manager of the South-Central Region, Pandian is the Manager of Well Construction and Compliance Section, Eichenlaub is the Well Program Specialist of Well Construction and Compliance Section, and Ward is the Director of the Department.

Gutman is an Administrative Law Judge ("ALJ") with the Office of Administrative Hearings.

Watermaster Giffin received at least one complaint about plaintiff's water use.[3] Plaintiff has at times taken steps to comply with the Oregon Water laws.

Giffin issued a Notice of Violation to Thomas LaFollett, whom he believed to be the Trustee of the John C. Webber, Jr., Testamentary Trust, on July 7, 2005. Giffin learned that LaFollett was no longer the Trustee.

Giffin took pictures of plaintiff's property, which he believed confirmed the illegal water use. Giffin states that he took the pictures from the public road. Plaintiff reports that the pictures

---

[3]Giffin states in his affidavit that he received multiple complaints, but plaintiff has received a copy of only one written complaint from September 9, 2004.

indicate Giffin was standing "near 100 feet on the east end" of his property.  Pl's. Decl. of Facts ¶ 10 at 4.

Giffin issued a second Notice of Violation to Becky Jones, the Successor Trustee, on July 20, 2005.

On August 12, 2005, Giffin and Region Manager Gorman met with neighbors and Crook County staff to talk about plaintiff's water use.

On November 4, 2005, Director Ward issued a Notice of Civil Administrative Penalty Assessment to plaintiff, alleging that he had been irrigating three acres of land without the benefit of a water right.[4]

On April 20, 2006, ALJ Gutman presided over an administrative hearing.  Plaintiff objected to the administrative procedure and requested a jury trial, which Gutman denied.  Plaintiff argued that the State had claimed ownership of water on his private property; that Giffin conducted an illegal search of his property by taking photos of the property; that his Fourth, Fifth and Fourteenth Amendment rights were violated because the water is on private property and Oregon laws are unconstitutional; that Giffin's conduct constituted a regulatory taking under the Fifth Amendment; that Giffin made a false complaint and participated in unlawful surveillance; that Giffin participated in a conspiracy; and that Giffin committed trespass.  Manager Pandian represented the Department at the hearing.  ALJ Gutman denied all of plaintiff's claims in a Corrected Proposed Order issued on June 9, 2006 and affirmed the $3,000 civil penalty.

---

[4] ORS 537.545 requires a ground water permit unless the water is used to irrigate a fixed half acre of non-commercial lawn, among other allowed purposes.

Page 4 - OPINION AND ORDER

The Water Resources Commission substantially adopted ALJ Gutman's order, after considering plaintiff's exceptions.

Plaintiff has not paid the penalty and has not appealed the Water Resources Commission's final order.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim"). A plaintiff does not need to allege detailed facts, but such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The

initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

As I note above, plaintiff alleges claims of trespass, conspiracy, violations of RICO, and violations of his constitutional rights against all the "defendants," without naming them individually. The only remaining claims against defendant Russell are the First (trespass), Second (conspiracy), and Fourth Claims for Relief (Fourth Amendment violation).

I am mindful of my obligation to construe a *pro se* plaintiff's pleadings liberally and in reviewing plaintiff's complaint I have afforded him the benefit of any doubt. Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

I.  State of Oregon Defendants' Motion for Summary Judgment

The State of Oregon defendants seek summary judgment on a number of bases. They argue plaintiff's claims are barred by issue and claim preclusion. With respect to his trespass claim, they argue plaintiff failed to timely file a tort claim notice and that Giffin could properly enter plaintiff's land. They argue that plaintiff fails to state a claim under the conspiracy or RICO laws. They argue plaintiff fails to state a claim under Section 1983 against the State defendants in their official capacity, that the State is protected by the Eleventh Amendment, and that the State defendants did not violate plaintiff's Fourth, Sixth, or Seventh Amendment rights

Page 6 - OPINION AND ORDER

or his due process rights or right to equal protection. Finally, they argue the State defendants are entitled to qualified or absolute immunity.

I need only reach the first reason for the State of Oregon defendants' motion. I find that plaintiff's Complaint against these defendants must be dismissed with prejudice as plaintiff had the opportunity and did litigate the same issues and claims before the administrative agency. He neglected to appeal those findings and conclusions.

As a matter of federal common law, federal courts give preclusive effect to the findings of state administrative tribunals, without regard to whether the issues are factual or legal and without regard to whether the claimant sought appellate review, if certain criteria are met. University of Tennessee v. Elliott, 478 U.S. 788, 794 (1986) (Section 1983 claims precluded); United States v. Utah Construction and Mining Co., 384 U.S. 394, 422 (1966) (breach of contract precluded); Plain v. McCabe, 797 F.2d 713 (9th Cir. 1986) (preclusion applies if adequate opportunity for judicial review available). The administrative agency must have acted in a judicial capacity, must have resolved issues of fact, and the parties must have had an adequate opportunity to litigate. Utah Construction, 384 U.S. at 422.

The "threshold inquiry," however, is whether the administrative proceeding "meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions." Miller v. County of Santa Cruz, 39 F.3d 1030, 1033 (9th Cir. 1994). Under Oregon law, a party is prohibited from relitigating the same issue in another proceeding if: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final determination on the merits in the prior proceeding; (3) the party to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party to be precluded was a party

Page 7 - OPINION AND ORDER

or was in privity with a party in the prior proceeding; and (5) the prior proceeding was the type of proceeding to which this court will give "preclusive effect." Nelson v. Emerald People's Utility Dist., 318 Or. 99, 104, 862 P.2d 1293 (1993) (citations omitted). The last factor is evaluated by looking at whether the administrative forum had formal and comprehensive procedures; whether the procedures were trustworthy; whether the application of issue preclusion would facilitate prompt, orderly and fair problem resolution; and whether the same quality of proceedings and the opportunity to litigate is present in both proceedings. Id. at 104 n.4.

Under Oregon law, a party is precluded from relitigating the same claim against the same defendant, or someone in privity with that defendant, if the second action is based on the same factual transaction at issue in the first action, seeks an additional remedy to the one requested earlier, and the claim could have been joined in the first action. Drews v. EBI Companies, 310 Or. 134, 140, 795 P.2d 531 (1990) (quotation omitted). "Privity includes . . . those whose interests are represented by a party to the action[.]" D'Amico ex rel. Tracey v. Ellinwood, 209 Or. App. 713, 718, 149 P.3d 277 (2006). "Claim preclusion does not require actual litigation of an issue of fact or law, as does issue preclusion. Nor does it require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding." Id.

Whether evaluating the "issue" of plaintiff's unlawful appropriation of ground water, or the "claim" of civil rights and other alleged violations, the unreviewed conclusion of the administrative agency precludes this litigation.

If plaintiff's case is examined using the issue preclusion factors, plaintiff is the same party as in the administrative hearing and the administrative hearing is the kind of proceeding to which Oregon courts give preclusive effect. Defendants provided a hearing before an impartial

ALJ, the parties called witnesses and cross-examined them on the record, the ALJ issued a written decision, and plaintiff was explicitly informed of his right to appeal the decision. Plaintiff raised the same issues in the administrative hearing that he raises here, and the ALJ resolved those issues on the merits in that proceeding. Plaintiff questioned the Water Resources Department's determination that he was unlawfully appropriating ground water, and questioned whether the State of Oregon defendants enforced the Oregon water laws in a constitutional manner. Finally, plaintiff had a full and fair opportunity to litigate these issues. He utilized the procedures of the contested case proceeding, made his arguments, and received a written decision rejecting his arguments. Plaintiff was also notified of his right to appeal the decision, which he did not utilize.

Under the claim preclusion analysis, the parties are identical or are in privity with the parties appearing in the administrative proceeding and plaintiff's claims arise out of the same events that were at issue in the administrative proceeding. The administrative agency concluded that plaintiff's Seventh Amendment right to a jury trial had not been violated, that no conduct had occurred in violation of plaintiff's Fourth Amendment rights, that no conspiracy existed, and that the contested case hearing procedures complied with the Due Process Clause. Furthermore, as the State of Oregon defendants explain, any of plaintiff's remaining claims could have been brought in that administrative forum.

Additionally, the <u>Utah Construction</u> factors set forth above have been met. The administrative agency acted in a judicial capacity to resolve issues of fact and the parties had an adequate opportunity to litigate all the issues and claims plaintiff seeks to litigate in this action.

As the United States Supreme Court has explained,

> [R]epose is justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with disputes resisting resolution. The principle holds true when a court has resolved an issue, and should do so equally when the issue has been decided by an administrative agency, be it state or federal, which acts in a judicial capacity.

Astoria Federal Savings and Loan Ass'n. v. Solimino, 501 U.S. 104, 107-08 (1991) (citations omitted).[5]

In sum, plaintiff's claims against the State of Oregon defendants are dismissed with prejudice as he is precluded from asserting them in this forum given the administrative agency's final ruling.

II.     Russell's Third Motion to Dismiss

In my Opinion and Order of August 1, 2008, I directed plaintiff to file a Second Amended Complaint clarifying his claims against defendant Russell. Specifically, I instructed plaintiff to allege the "when, where and how Russell allegedly entered" plaintiff's property.

Plaintiff alleges, as he did in his First Amended Complaint, that the State of Oregon defendants "did knowingly and intentionally solicit a private citizen . . . to participate in unlawful Trespass by proceeding and intruding on to Plaintiffs [sic] property in his Ford Pickup Truck to

---

[5] It makes no difference that plaintiff has sued the defendants in their individual capacity as well as their official capacity. The individually named defendants were acting within the course and scope of their employment. Since they have been sued solely because of their involvement in citing plaintiff for his unlawful appropriation of ground water, the adverse finding prevents plaintiff from asserting a claim against those defendants here. See Miller, 39 F.3d at 1038.

Page 10 - OPINION AND ORDER

shine his head lights a cross the Plaintiffs property to Commit unlawful surveillance and spying on plaintiff's property." Second Amended Complaint ¶ 55, at p. 36 (errors in original).

Also in his Second Amended Complaint, plaintiff objects to my Opinion and Order by stating, "[T]here is no way Gary Russell could shine his head light across the plaintiffs property from the road. Maybe if Gary Russell had head lights that point side ways he could shine them across the Plaintiffs property from the road." Second Amended Complaint ¶ 2 at 12 (errors in original). Plaintiff also objects that his "property **IS NOT OPEN FIELDS**," that he planted over 100 trees to block his property from the road, and that he has posted "no trespassing" signs. Second Amended Complaint ¶ 2 at 11. I construe these objections as allegations.

I warned plaintiff in the last Opinion and Order that "if the basis of his claim is only that Russell shined his headlights onto plaintiff's property, while Russell was on public property, the claim will be dismissed *sua sponte* for failure to state a claim of trespass." See Amphitheaters, Inc. v. Portland Meadows, 184 Or. 336, 343, 198 P.2d 847 (Or. 1948) ("casting light equivalent to that of a full moon" upon outdoor movie screen was not a trespass). Opinion and Order at 8 (Aug. 8, 2008). Similarly, with his Fourth Amendment claim, I warned plaintiff that "[i]f what Russell saw was in 'plain view' from a public highway, he did not engage in an unlawful search under the Fourth Amendment. California v. Ciraolo, 476 U.S. 207, 213 (1986) (the Fourth Amendment has "never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares")." Opinion and Order at 11 n.3.

Taking some of the additional allegations, phrased as objections to the previous Opinion and Order, I find that plaintiff has adequately stated a claim against Russell.[6]

III.     Plaintiff's Motion to Strike State of Oregon Defendants' Answer

Plaintiff seeks to strike the State of Oregon defendants' answer. I deny the motion as plaintiff has given no valid reasons for striking the answer. I do, however, recharacterize the portion of the motion responding to the State of Oregon defendants' counterclaim for attorneys' fees as an answer to the counterclaim.

## CONCLUSION

For the foregoing reasons, the State of Oregon Defendants' Revised Motion for Summary Judgment (#240) is granted and Russell's Motion to Dismiss (#248) is denied. The State of Oregon Defendant's original Motion for Summary Judgment (#230) is dismissed as moot. Plaintiff's Motion to Strike Answer to Amended Complaint (#265) is denied. Plaintiff's "Demands for Jury Determinations for All Claims . . . and All Defendants" (#271, 277) are construed as Motions for Reconsideration and are denied.

IT IS SO ORDERED.

Dated this      3rd      day of December, 2008.

          /s/ Garr M. King
      Garr M. King
      United States District Judge

---

[6] I note, too, that plaintiff, in his declaration of facts in response to the State of Oregon Defendants' Motion for Summary Judgment, states that he "observed Gary Russell get in to his Ford pickup and drive to the east end of my property on Davis Road and drive on to the property to shine his head lights across to the west end of the property[.]" Pl. Decl. of Facts ¶ 8 at 12.

Page 12 - OPINION AND ORDER